UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KELLY MARIE KINSEY,

                          Plaintiff,        **1:15-cv-00604-MAT**

                                                 **DECISION AND ORDER**

          -vs-

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

                          Defendant.

---

## I. INTRODUCTION

Represented by counsel, Kelly Marie Kinsey ("Plaintiff") has brought this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("Defendant" or "the Commissioner") denying her application for disability insurance benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. PROCEDURAL BACKGROUND

On March 20, 2012, Plaintiff protectively filed a Title II application for DIB, alleging disability beginning February 16, 2011, due to chronic back pain, depressive disorder, and post-traumatic stress disorder. Administrative Transcript ("T.") at 13, 117-20, 129-31. Plaintiff's claim was initially denied and she timely requested a hearing, which was held before administrative law judge ("ALJ") Michael W. Devlin on April 11, 2013. T. 25-52. On February 18, 2014, the ALJ issued an unfavorable decision. T. 11-20. Plaintiff's request for review was denied by the Appeals Council on January 27, 2015, making the ALJ's decision the final decision of the Commissioner. T. 1-6. Plaintiff then timely commenced this action.

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ found that Plaintiff last met the insured status requirements of the Act on March 31, 2012. T. 13. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from February 16, 2011, the alleged onset date, through March 31, 2012, her date last insured. *Id.*

At step two, the ALJ determined that, through her date last insured, Plaintiff had the severe impairments of lumbar

spondylosis, lumbar intervertebral disc degeneration, lumbago, and low back impairment resulting in pain with falls and radicular symptoms, and the non-severe impairments of chronic pain syndrome and depressive disorder. T. 13-14.

At step three, the ALJ considered Plaintiff's impairments and found that, through the date last insured, singly or in combination, they did not meet or medically equal the severity of a listed impairment. T. 14. In particular, the ALJ considered Listing 1.04. *Id*.

Prior to proceeding to step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a), with the following additional limitations: can lift or carry 10 pounds occasionally and less than 10 pounds frequently; can stand or walk for two hours in an eight-hour workday; can sit six hours in an eight-hour workday; requires the use of an assistive device to ambulate to and from her workstation; can occasionally push or pull 10 pounds; can occasionally climb ramps or stairs; can occasionally stoop, kneel, crouch, and crawl; should never climb ladders, ropes, or scaffolds. T. 15.

At step four, the ALJ determined that Plaintiff was incapable of performing her past relevant work. T. 18. At step five, the ALJ relied on a vocational expert's testimony to find that there are other jobs that exist in significant numbers in the national

economy and state-wide that Plaintiff can perform, including label pinker and brake linings coater. T. 18-19. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 19.

**IV. DISCUSSION**

**A.  SCOPE OF REVIEW**

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, a district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

In this case, Plaintiff argues that remand is required because (1) the ALJ violated the treating physician rule in failing to accord controlling weight to the opinions of treating physician

Dr. Thomas Madejski, and (2) the ALJ failed to properly evaluate Plaintiff's credibility. For the reasons set forth below, the Court finds these arguments without merit.

**B. The ALJ did not Violate the Treating Physician Rule**

Plaintiff's first argument is that the ALJ erred in affording less than controlling weight to Dr. Madejski's opinion. Dr. Madejski, who treated Plaintiff for her back problems, opined on February 21, 2011 that Plaintiff had an 80 percent temporary impairment and should not work for three weeks. T. 848-49. On March 14, 2011, Dr. Madejski opined that Plaintiff had a 100 percent temporary impairment and was totally disabled and unable to perform any work duties. T. 854. Dr. Madejski repeated this assessment on April 19, 2011, but clarified that Plaintiff was "disabled from her regular job" and that he had asked her to inquire as to whether there were any light duty options available that did not involve "extensive lifting or bending." T. 823-24. On May 31, 2011, Dr. Madejski again opined that Plaintiff was disabled from all work duty. T. 773-74. Dr. Madejski repeated this opinion on August 10, 2011, October 11, 2011, and January 17, 2012. T. 271, 734, 763. Plaintiff continued to treat with Dr. Madejski past her date last insured, and Dr. Madejski continued to opine that she was totally disabled.

In his opinion, the ALJ gave "limited weight" to "Dr. Madejski's opinion that [Plaintiff] was totally disabled."

T. 17. The ALJ explained that Dr. Madejski's opinions were unsupported by his own clinical findings, were internally inconsistent, and were conclusory, rather than providing a function-by-function assessment of Plaintiff's functioning. *Id.*

Plaintiff contends that the ALJ's assessment of Dr. Madejski's opinions was a violation of the treating physician rule. In particular, Plaintiff argues that the ALJ failed to give "good reasons" for giving Dr. Madesjki's opinions less than controlling weight. The Court disagrees.

Under the Commissioner's Regulations in effect at the time of the ALJ's decision, a treating physician's opinion is generally entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). The ALJ is required to consider "the length of the

treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6).

In this case, the Court finds that the ALJ adequately explained his reasons for affording limited weight to Dr. Madejski's opinions. The Commissioner's Regulations specifically contemplate that when a treating physician's opinion is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques[,]" 20 C.F.R. § 1527(d)(2), an ALJ is not bound to give it controlling weight. In this case, the ALJ correctly noted that Dr. Madejski's opinions were unsupported by his own clinical findings and laboratory diagnostic techniques. Dr. Madejski noted on multiple occasions that Plaintiff had no thoracic tenderness, full muscle strength in her extremities, and either negative or equivocal results on straight leg raising tests. *See, e.g.,* T. 733, 758, 762. Dr. Madejski further noted that the results of imaging studies, including unremarkable findings in Plaintiff's lumbar region, did not seem to correlate well with her

reported symptoms. T. 733. Indeed, Plaintiff's MRI findings showed only straightening and bulging in the lumbar spine and minimal to mild disc herniation in the thoracic spine. T. 340-41, 348-49. Having concluded that Dr. Madejski's opinions were not well-supported by his own records, the ALJ did not err in affording those opinions less than controlling weight.

The ALJ also properly took into account the inconsistencies in Dr. Madejski's opinions. *See Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012) (ALJ properly afforded less than controlling weight to treating physician's opinions were they were internally inconsistent). In this case, Dr. Madejski initially opined that Plaintiff had an 80 percent impairment, would need to miss three weeks of works, and could lift up to ten pounds. T. 848-49. Dr. Madejski observed in August 2011 that Plaintiff's condition had improved with conservative treatment (namely, physical therapy and medications) and that her back pain had improved since her initial injury in February (T. 762), yet he also opined that she had a 100 percent impairment. It was not consistent for Dr. Madejski to simultaneously opine that Plaintiff's condition had improved, yet her level of impairment had somehow worsened, but this is precisely what he did. The ALJ properly noted these inconsistencies in determining what weight to afford Dr. Madejski's opinions.

Finally, it was appropriate for the ALJ to note that Dr. Madejski's opinions were conclusory. Courts in this Circuit

have consistently held that "lack of supporting detail and/or objective findings provides a ... reason for affording [an] opinion less weight." *Wright v. Colvin*, 2013 WL 3777187, at *15 (N.D.N.Y. July 17, 2013) (citing 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3)) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."). Here, Dr. Madejski repeatedly opined without elaboration that Plaintiff was totally disabled and unable to perform any work duties. Without additional detail, these opinions were clearly of limited use in formulating an RFC finding.

Plaintiff contends that the ALJ, having concluded that Dr. Madejski's opinion was conclusory, was obligated to recontact him for additional clarification. Plaintiff is incorrect. "[T]here is no duty to re-contact a treating physician to obtain a function-by-function analysis of [p]laintiff's impairments where consultative physicians assess a plaintiff's functional limitations and provide an opinion on them." *Sink v. Colvin*, No. 1:12-CV-00239 JJM, 2015 WL 3604655, at *17 (W.D.N.Y. June 8, 2015) (internal quotation omitted). "Additionally, even where a treating physician does not provide a specific function-by-function assessment, where the record is extensive enough to support an informed residual functional capacity finding by the ALJ, remand is not appropriate."

*Id*. (internal quotation omitted). In this case, consultative orthopedic surgeon Dr. Louis D. Nunez assessed Plaintiff's functional limitations and found that she had a lifting restriction of 25 pounds and was unable to perform repetitive stooping, bending, or crawling. T. 729. Moreover, the record in this case was extensive, and contained more than sufficient information to support an informed RFC finding by the ALJ. Accordingly, the ALJ was not required to recontact Dr. Madesjki. *See Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (ALJ was not required to request formal opinions on RFC from treating physicians where the medical record "was adequate to permit an informed finding by the ALJ").

For all the reasons discussed above, the Court concludes that the ALJ did not err in affording limited weight to Dr. Madejski's opinions. Accordingly, Plaintiff has not shown that remand is warranted on this basis.

**C. The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff's second and final argument is that the ALJ failed to properly evaluate her credibility. Again, the Court disagrees.

"Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Hargrave v. Colvin*, 2014 WL

3572427, at *5 (W.D.N.Y. July 21, 2014) (internal quotation omitted). In this case, the ALJ found Plaintiff "not entirely credible," explaining that her claims were inconsistent with the medical evidence of record, as well as her own statements to her providers that her pain was lessening and her condition was improving. T. 15-18.

"A claimant's credibility may be questioned if it is inconsistent with the medical evidence." *Gehm v. Astrue*, 2013 WL 25976, at *5 (N.D.N.Y. Jan. 2, 2013). In this case, the medical evidence of record, including the relatively mild MRI findings and Dr. Majeski's opinion that Plaintiff's condition was improving over time, was inconsistent with Plaintiff's claims about the impact of her impairments on her ability to function. The ALJ did not err in finding Plaintiff less than fully credible on this basis.

Plaintiff's testimony was also inconsistent with her statements to her providers, as well as being internally inconsistent. For example, Plaintiff claimed that she was essentially unable to leave her house (T. 38), but moments later stated that she was able to walk around in stores (T. 39). Plaintiff told the ALJ that her back condition had worsened since her injury in February 2011 (T. 36), but told Dr. Madejski that her pain was improving (T. 762). These inconsistencies further support a finding that Plaintiff was less than fully credible.

"Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." *Andrisani v. Colvin*, 2017 WL 2274239, at *3 (W.D.N.Y. May 24, 2017) (internal quotation omitted). In this case, the ALJ adequately explained the rationale for his credibility determination, and that determination was reasonable in light of the record. Accordingly, remand is not warranted on this basis.

**V. Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 8) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 12) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                **S/Michael A. Telesca**
                                _____

                                HON. MICHAEL A. TELESCA
                                United States District Judge

Dated:    February 6, 2018
            Rochester, New York